

# District Clerk Online

My Transactions (TransactionHistory.aspx) | Log Off (LogOff.aspx)

Change search criteria (Home.aspx)

**Civil Search Results:**                  **Case number like "B-204359*"**

| Case Number | Defendant | Plaintiff | Date Filed |
|---|---|---|---|
| 204359 | ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY ET | MIKE RUBAIY | 08/23/2019 |
| << < Page 1 of 1 > >> ||||

Home (Home.aspx)

Reset Password (ResetPassword.aspx)

Change Email (ChangeEmail.aspx)

EXHIBIT A



# District Clerk Online

My Transactions (TransactionHistory.aspx) | Log Off (LogOff.aspx)

Back to Case Results (CaseSearchResults.aspx)

**Civil Case '204359' documents:**

| Document Number | Document Name | Document Pages | Document Date | Add To Cart |
|---|---|---|---|---|
| 2108656 | RECEIPT | 1 | 08/23/2019 | Add To Cart |
| 2108665 | RETENTION LETTER | 2 | 08/23/2019 | Add To Cart |
| 2108677 | PETITION (PLAINTIFFS ORIGINAL) | 10 | 08/26/2019 | Add To Cart |
| 2108678 | CIVIL PROCESS FORM | 2 | 09/03/2019 | Add To Cart |
| 2109229 | CITATION | 2 | 08/27/2019 | Add To Cart |
| 2128719 | ANSWER | 2 | 10/07/2019 | Add To Cart |
| 2128731 | RECEIPT | 1 | 10/07/2019 | Add To Cart |
| << < Page 1 of 1 > >> | | | | |

Home (Home.aspx)

Reset Password (ResetPassword.aspx)

Change Email (ChangeEmail.aspx)

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
8/23/2019 3:07 PM
JAMIE SMITH
DISTRICT CLERK
B-204359

CAUSE NO: B204359

| | | |
|---|---|---|
| **MIKE RUBAIY** | * | **IN THE DISTRICT COURT OF** |
| | * | |
| **VS.** | * | **JEFFERSON COUNTY, TEXAS** |
| | * | |
| **ALLSTATE VEHICLE AND PROPERTY** | * | |
| **INSURANCE COMPANY &** | * | |
| **MICHAEL BAROUSSE** | * | **60th JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW, **MIKE RUBAIY**, Plaintiff in the above-styled matter and files this Original Petition complaining of Defendants, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**, (hereinafter referred to as **ALLSTATE**), and **MICHAEL BAROUSSE**, and for cause of action show the Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct Level 3 discovery under Texas Rules of Civil Procedure 190. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2. Plaintiff, **MIKE RUBAIY**, is an individual who resides in Beaumont, Jefferson County, Texas.

3. Defendant, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**, is an insurance company registered to do business in the state of Texas and can be served with process by certified mail return receipt requested through its registered agent: C.T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. Defendant, **MICHAEL BAROUSSE**, is an individual Texas resident, and a licensed

insurance adjuster for Defendant, **ALLSTATE**. However, Defendant, **MICHAEL BAROUSSE**, cannot be served at this time due to his unknown address/location.

## VENUE AND JURISDICTION

5. Suit is proper in Jefferson County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county and the property in question is located in Jefferson County, Texas. TEX. CIV. PRAC. & REM. CODE. 15.032. In addition, the court has jurisdiction over Defendants, **ALLSTATE** and/or **MICHAEL BAROUSSE**, because Defendant(s) is a citizen of the State of Texas and/or engages in the business of insurance in the State of Texas and the cause of action arises out of Defendants' business activities in the State of Texas. Also, damages sought are for monetary relief of over $100,000.00, but not more than $200,000.00.

## FACTUAL BACKGROUND

6. Plaintiff was the owner of **Texas Homeowners' Policy number 000838265075** issued by Defendant, **ALLSTATE**, (hereinafter referred to as "the policy.") Plaintiff owns the insured property (hereinafter referred to as "the property"), which is specifically located at **515 22nd Street, Beaumont, Jefferson County, Texas.**

7. Defendant, **ALLSTATE**, sold the policy, insuring the property, to Plaintiff.

8. Plaintiff submitted a claim to Defendant, **ALLSTATE**, with a date of loss of January 18, 2018, for damage to the dwelling and personal property/contents of the home as a result of a sudden, unexpected and accidental release /discharge or eruption of water from within his plumbing system in his attic.

9. Defendant, **ALLSTATE**, assigned claim number **0489395631** to Plaintiff's claim.

10. Defendants failed to adjust the claims and summarily denied at least a portion of the claims without an adequate investigation. Defendant, **MICHAEL BAROUSSE**, acting as Defendant's, **ALLSTATE**, adjuster, agent, servant, representative and/or employee, analyzed and directed that a portion of Plaintiff's claims be denied. In fact, Plaintiff's claim(s) still remain unpaid and the Plaintiff still has not been able to properly repair the property.

11.     Defendant, **ALLSTATE**, wrongfully denied Plaintiff's claims for repairs of the property and/or damage to his personal property/contents, even though the policy provided coverage for the losses such as those suffered by Plaintiff.

12.     Defendant, **ALLSTATE**, failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy. Defendant, **ALLSTATE**, failed and refuse to pay the full proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Plaintiff. Such conduct constitutes breach of the insurance contract between Plaintiff and Defendant, **ALLSTATE**.

13.     Defendants misrepresented to Plaintiff that the damage to the property was not covered under the policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes violations of the Texas Unfair Competition and Unfair Practices Act. TEX. INS. CODE. Section 541.060(1).

14.     Defendant, **ALLSTATE**, failed to make an attempt to settle Plaintiff's claims in a fair manner, although they were aware of their liability to Plaintiff under the policy. Defendant's, **ALLSTATE**, conduct constitutes violations of the Texas Unfair Competition and Unfair Practices Act. TEX. INS. CODE Section 541.060(2).

15.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant, **ALLSTATE**, failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policy(ies), nor did they provide any explanation for the failure/refusal to adequately settle Plaintiff's claim. Defendants' conduct constitutes violations of the Texas Unfair Competition and Unfair Practices Act. TEX. INS. CODE Section 541.060(3).

16.     Defendant, **ALLSTATE**, failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or

rejection, regarding the full and entire claims, in writing from Defendant, **ALLSTATE**. Defendant's, **ALLSTATE**, conduct constitutes violations of the Texas Unfair Competition and Unfair Practices Act. TEX. INS. CODE Section 541.060(4).

17. Defendant, **ALLSTATE**, failed/refused to fully compensate Plaintiff under the terms of the policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome - oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendants' conduct constitutes violations of the Texas Unfair Competition and Unfair Practices Act. TEX. INS. CODE Section 541.060(4).

18. Defendant, **ALLSTATE**, failed to meet its obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claims, beginning investigations into/of Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claims within fifteen (15) days of receiving notice of Plaintiff's claims. Defendant's, **ALLSTATE**, conduct constitutes a violation of the Texas Prompt Payment of Claims Act. TEX. INS. CODE ANN. Section 542.055.

19. Defendant, **ALLSTATE**, failed to accept or deny Plaintiff's full and entire claims within fifteen (15) business days of receiving all required information. Defendant's, **ALLSTATE**, conduct constitutes a violation of the Texas Prompt Payment of Claims Act. TEX. INS. CODE ANN. Section 542.056.

20. Defendant, **ALLSTATE**, failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant, **ALLSTATE**, has delayed full payment of Plaintiff's claims longer than allowed and, to date, Plaintiff has not yet received full/any payment for the claims. Defendant's, **ALLSTATE**, conduct constitutes a violation of the Texas Prompt Payment of Claims Act. TEX. INS. CODE ANN. Section 542.055.

21. From and after the time Plaintiff's claims were presented to Defendant, **ALLSTATE**, the liability of Defendant, **ALLSTATE**, to pay the full claims in accordance with the terms fo the policy was reasonably clear. However, Defendant, **ALLSTATE**, has refused to pay Plaintiff in

full despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's, **ALLSTATE**, conduct constitutes breaches of the common law duty of good faith and fair dealing.

22. As a result of Defendants' acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

23. Plaintiff's experience is not an isolated case. The acts and omissions Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION

24. Defendant, , **ALLSTATE**, is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Unfair Competition and Unfair Practices Act, the Texas Prompt Payment of Claims Act, and intentional breach of the duty of good faith and fair dealing. Defendant, **MICHAEL BAROUSSE**, acting as Defendant's, **ALLSTATE**, adjuster, agent, servant, representative and/or employee, is liable to Plaintiff for intentional violations of the Texas Unfair Competition and Unfair Practices Act, and the Texas Deception Trade Practice Act.

## BREACH OF CONTRACT

25. Defendant's, **ALLSTATE**, conduct constitutes a breach of the insurance contract made between Plaintiff and Defendant, **ALLSTATE**.

26. Defendant's, **ALLSTATE**, failure/refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes breaches of the insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE CHAPTER 541: "UNFAIR COMPETITION AND UNFAIR PRACTICES ACT"

27. Defendants' conduct constitutes multiple violations of the Texas Unfair Competition and Unfair Practices Act. TEX. INS. CODE Chapter 541. All violations under this article are made

actionable by TEX. INS. CODE Section 541.151.

28. Defendant's, **ALLSTATE**, unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

29. Defendant's, **ALLSTATE**, unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claims, even though Defendant's, **ALLSTATE**, liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

30. Defendant's, **ALLSTATE**, unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

31. Defendant's, **ALLSTATE**, unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims of Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

32. Defendant's, **ALLSTATE**, unfair settlement practice, as described above, of refusing to pay Plaintiff's claims without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

33. Defendant's, **MICHAEL BAROUSSE**, unfair settlement practice, acting as Defendant's, **ALLSTATE**, adjuster, agent, servant, representative and/or employee, as described above, of failing to adequately adjust Plaintiff's losses and failing to conduct a reasonable investigation,

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE CHAPTER 542: "THE PROMPT PAYMENT OF CLAIMS ACT"

34. Defendant's, **ALLSTATE**, conduct constitutes multiple violations of the Texas Prompt Payment of Claims Act. TEX. INS. CODE Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE Section 542.060.

35. Defendant's, **ALLSTATE**, failure, as described above, to acknowledge receipt of Plaintiff's claims commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

36. Defendant's, **ALLSTATE**, delay of payment of Plaintiff's claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

37. Defendant's, **ALLSTATE**, conduct constitutes a breach of the common law duty of good faith and fair dealing owed to the insured in insurance contracts.

38. Defendant's, **ALLSTATE**, failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although at that time Defendant, **ALLSTATE**, knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE AND INTENT

39. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

## TEXAS DECEPTIVE TRADE PRACTICES ACT

**40.** Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code violations. Accordingly, Plaintiff also brings each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

**41.** Defendant's, **ALLSTATE**, actions, as described, also constitute violations of the Texas Deceptive Trade Practices Act, independently of its tie-in provisions. At all times material hereto, Plaintiff was a consumer who purchased a homeowner's insurance policy from Defendant, **ALLSTATE**. Defendant, **ALLSTATE**, has violated the Texas Deceptive Trade Practices Act in the following manners:

    a. Representing that the goods or services in question had sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that it did not have;

    b. Representing that an agreement confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law;

    c. Failing to disclose information about the goods or services in question that was known at the time of the transaction and the failure to disclose was intended to induce Plaintiff into a transaction that Plaintiff would not have entered into had the information been disclosed;

    d. Breach of the express warranty with regard to services; and

    e. Defendant's, **ALLSTATE**, unconscionable actions and/or courses of actions.

**42.** Defendants committed unconscionable acts and made false representations to Plaintiff.

**43.** Plaintiff relied on these misrepresentations by Defendants to his detriment. These misrepresentations were a producing cause of Plaintiff's injuries in the form of actual damages, consequential and incidental damages, special damages in the form of loss of use of property (both real and personal) and damage to credit, attorney's fees and additional statutory damages.

**44.** Plaintiff is also entitled to mental anguish damages and statutory treble damages, because the actions of Defendants were made knowingly and intentionally, with the intent that Plaintiff

rely on the false misrepresentations of Defendants.

## DAMAGES AND PRAYER

**45.** Wherefore, premises considered, Plaintiff herein, **MIKE RUBAIY**, complains of Defendants, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** and **MICHAEL BAROUSSE**, and prays that Defendants be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendants the following:

**46.** Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

**47.** For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claims together with attorney's fees.

**48.** Economic and actual damages, including:

    a.    Out of pocket expenses;

    b.    Cost of replacement; and,

    c.    Cost of repairs.

**49.** For noncompliance with the Texas Unfair Competition and Unfair Practices Act, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times his actual damages. TEX. INS. CODE Section 541.060.

**50.** For noncompliance with the Texas Deceptive Trade Practices Act, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times his actual damages. TEX. INS. CODE Section 541.060.

**51.** For non compliance with Texas Prompt Payment of Claims Act, Plaintiff is entitled to the amount of his claims as well as ten (10%) percent statutory interest.

52. For violation of the common law duty of good faith and fair dealing, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs, exemplary damages, pre-judgment interest, post-judgment interest and attorney's fees, and for any other further relief, either at law or in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

By: _____
ROCKY LAWDERMILK
State Bar No. 90001440
2630 Liberty
Beaumont, Texas 77702
(409) 838-1800
(409) 212-8836 – FAX
Email: rocky@rocklaws.com

ATTORNEYS FOR PLAINTIFF(S)

CITATION

# THE STATE OF TEXAS

## No. B-0204359

## MIKE RUBAIY
## VS. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY ET

## CITATION

### 60 th JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT
CT CORPORATION SYSTEM

by serving at:
1999 BRYAN STREET
SUITE 900
DALLAS, TX   75201

DEFENDANT:

NOTICE:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Said answer may be filed by mailing same to: District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office. The case is presently pending before the 60 th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 23rd day of August, 2019. It bears cause number B-0204359 and is styled:

Plaintiff:

MIKE RUBAIY
VS.

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY ET

Defendant:

The name and address of the attorney for plaintiff (or, plaintiff if pro se) is:

LAWDERMILK, ROCKY M, Atty.
2630 LIBERTY
BEAUMONT, TX 77702 0

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL) accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 27th day of August, 2019.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

BY *Valencia Simpson* Deputy

Valencia

## RETURN OF SERVICE

B-0204359       60 th JUDICIAL DISTRICT COURT
MIKE RUBAIY
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY ET

Executed when copy was delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20____.

_____, Officer
_____, County, Texas
By: _____, Deputy

**ADDRESS FOR SERVICE:**
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT
1999 BRYAN STREET
SUITE 900
DALLAS, TX 75201 0000

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
|  |  |  |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

**FEES:**
Serving Petition and Copy  $_____
Total                      $_____

_____, Officer
_____, County, Texas

By: _____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my address is
     (First, Middle, Last)

(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/4/2019 6:47 PM
JAMIE SMITH
DISTRICT CLERK
B-204359

CAUSE NO. B-204359

| | | |
|---|---|---|
| **MIKE RUBAIY,** | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE COMPANY &** | § | |
| **MICHAEL BAROUSSE,** | § | |
| | § | |
| *Defendant.* | § | 60TH JUDICIAL DISTRICT |

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S
ORIGINAL ANSWER AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Allstate Vehicle and Property Insurance Company ("Defendant"), and files this its Original Answer to Plaintiff's Original Petition, and would respectfully show unto the Court the following

**I.
ORIGINAL ANSWER**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies, each and every, all and singular, the allegations contained within Plaintiff's Original Petition and demands strict proof thereon, by a preponderance of the credible evidence, in accordance with the Constitution and laws of the State of Texas.

**II.
DEMAND FOR JURY TRIAL**

Defendant herein makes demand for a jury trial in this case.

1

7363203v1
03647.759

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Vehicle and Property Insurance Company prays that upon final trial and hearing thereof, Plaintiff recover nothing from Defendant and Defendant goes hence without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

By: /s/Jay Simon
 Jay Scott Simon
 State Bar No. 24008040
 jsimon@thompsoncoe.com
 THOMPSON, COE, COUSINS & IRONS, LLP
 One Riverway, Suite 1400
 Houston, Texas 77056
 Telephone: (713) 403-8210
 Facsimile: (713) 403-8299

**ATTORNEY FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on October 4, 2019, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

Rocky Lawdermilk
2630 Liberty
Beaumont, TX 77702
rocky@rocklaws.com

 /s/Jay Simon
 Jay Scott Simon

7363203v1
03647.759